**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF:

FILED & ENTERED

PALMAS COUNTRY CLUB, INC.                    :       **CASE NO. 10-07072 ESL**

AUG 1 9 2010                                 :       **CHAPTER 11**

                                             :

    Debtor                                   :
_____:

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## ORDER

This case is before the court upon the joint motion to authorize the sale of substantially all of debtor's assets under section 363 of the Bankruptcy Code, free and clear of all liens, claims, interests and encumbrances, filed by Palmas Country Club, Inc. ("PCCI", or "Debtor"), and the Puerto Rico Tourism Development Fund ("TDF"), filed on August 17, 2010 (Dkt. #22) as supplemented (Dkt. #24).

After considering the joint request, the court hereby authorizes that notice be given following the proposed notice of sale attached as an exhibit to the motion, that the time to respond be shortened to fourteen (14) days, and to specify that timely objections will be heard on September 27, 2010 at 10:00 a.m.

Notwithstanding the above, and considering that the Debtor has not filed the schedules nor the statement of financial affairs; and that the 341 meeting of creditors has been scheduled for September 12, 2010, the court advances that the joint movants shall come prepared to brief the court on the following matters:

1.      That there is a good business reason to approve the sale of substantially all of Debtor's assets, prior to confirmation of a Chapter 11 plan. **In Re Lionel Corp.,** 772 F.21 1063 (2d. Cir. 1983).

2.      That all parties in interest have been given an opportunity to be heard. A debtor in possession has fiduciary duties as to all creditors and parties in interest.

3. That in spite of the business necessity of approving the sale, all parties in interest will have the opportunity to present their positions in the confirmation process.

4. That the terms of the sale do not bar future determinations under section 1129, 1126 and 1125, See **In Re Iridium Operating LLC,** 478 F.3d. 452 (2d. Cir 2007).

5. That the assessment of the value of the facilities is reasonable in light of present market conditions.

6. That the distribution of the proceeds will follow section 1129, including the assumption of claims or obligations.

7. That junior lien holders, if any, have been given a reasonable opportunity to bid.

A written report on the above matters shall be filed three (3) days prior to the hearing scheduled for September 27, 2010.

**SO ORDERED.**

San Juan, Puerto Rico, this 19th day of August, 2010.

**Enrique S. Lamoutte Inclán
U.S. Bankruptcy Judge**