**Miguel A. Nazario Franco**
Paseo San Juan – D17 Garita St.
San Juan, P.R. 00926



August 23, 2010


United States Bankruptcy Court
Celestino Matta-Mendez,
Clerk of the Bankruptcy Court
U.S. Post Office and Courthouse Building
300 Recinto Sur Street, Room 109
San Juan, P.R. 00901


Re: Case Number 10-07072-ESL-11
    Filing of an objection Pro Se to:
    1)  Urgent Motion Authorizing the Sale of Certain
        of the Debtor's Assets, Pursuant to Section 363
        of the Bankruptcy Code Free and Clear of All
        Liens, Claims, Interest and Encumbrances –
        Filed on 8/16/10, Mailed on 8/18/10, Received
        8/19/10,
    2)  Ammended Notice of Sale of the Debtor's Assets
        Pursuant to Section 363 of the Bankruptcy Code,
        Free and Clear of All Liens, Claims, Interest and
        Encumbrances – Filed on 8/19/10, Mailed on
        8/19/10, Received 8/20/10


Mr. Matta-Mendez:

Please forward this opposition to Honorable Enrique S. Lamoutte.

Base to oppose the above listed petitions to the Court are based on the following facts:
1.  Motion filed by Debtor on 8/16/10 states that "the sale will provide the most benefit to the estate
    for a number of reasons.  First, as described above, the Facilities will be transferred for an amount
    –substantially all the outstanding amounts under the loan agreement– that far exceed the value of
    the facilities.  This, upon the transfer, the estate will be liberated from the deficiency in
    substantially all of its obligations to TDF.  Second, since the Facilities have no equity, there would
    be no recoveries to any creditor other than TDF through any other viable sale or transfer, except
    through the sale described herein, that will yield a carve out (detailed below) for payment of

unsecured claims. Third the sale will permit the facilities to be re-opened and the operations re-started expeditiously, upon the closing of the sale, which will greatly benefit the Palmas del Mar community and the estate. Fourth, there are no other offers to purchase the facilities and, thus, this is the only viable alternative that will allow for the re-opening of the facilities, a recovery to unsecured creditors in a no-equity case, and the most benefit to the various constituents of the estate."

I oppose the representation of a no equity case since Debtor has not yet provided to the Court its Statement of Financial Affairs.

2. In 9/19/01 I deposited $12,000 with Debtor for a Beach Club Membership. Copy of my application for membership duly signed by my wife and me is included. Under the Acknowledgement of Membership Rights there is a clause that describes the conditions under which we were to be repaid upon resignation from the Club. Similar language is included in the Membership Plan Documents. I am including copy of the page 10 of the Membership Plan that states: "The Club will be obligated to refund the membership deposit, as provided below, upon the earlier of the following:
   (a) Within sixty (60) days after the reissuance of the resigned Signature Member's membership in the Club; or
   (b) Thirty (30) years from the date the member acquired their Signature Membership in the Club".

The quoted language refers to an obligation "to refund the membership deposits" upon meeting the conditions set forth above. To meet the fiduciary responsibility of a refundable deposit the membership funds deposited with Debtor should have been kept in escrow earning interest for the Debtor which was the only monies they could draw from to finance their operations. Hence, the deposited amounts should still be available funds to membership creditors. If those funds are unaccounted for, proper accountability should be required from Debtor.

3. In 1/13/07 my wife and I resigned from our membership and requested the refund of our membership deposit, letter of resignation is enclosed. On 2/16/09 we followed up on the refund due to us. On 4/13/09 I was notified by Jaime Morgan Stubbe, President of the Debtor, that we were number 25 in the waiting list for refunds due from resigned membership in the Beach Club. Thus, ascertaining our entitlement for a refundable deposit.

4. It is premature to determine the existence of the amount of assets available to creditors without following the track record of the membership deposited funds. A transaction as proposed would free the Debtor of all claim and encumbrances benefitting only the Debtor and TDF but obviously in my detriment as a creditor and possibly hundreds of other persons in the same situation.

5. Lastly, it does not emerge with transparency what other financial resources are available for recovery to the creditors from the AFICA bond issuance (letter of credit), guarantees from Debtor and related parties to a Reimbursement Agreement with TDF. If a recourse is identified, additional funds will be available to unsecure creditors. It is therefore, premature to authorize the sale of assets and free the estate from claims, liens and encumbrances. This is an additional consideration for which I oppose the urgent sale of assets and petition the Court to delay it until the Committee of Creditors have an opportunity to review the documentary evidence that exists of the financial transactions between the Debtor and TDF. It is recommended that the Court requests from Debtor the mentioned documents for review.

I hereby request the Court to postpone considering the motions of reference until a true picture of the Statement of Financial Affairs is submitted by the Debtor for review and evaluation by the court and creditors.

Respectfully submitted,

Miguel A. Nazario Franco

# APPLICATION FOR SIGNATURE MEMBERSHIP

## PERSONAL INFORMATION

Name (Please Print): _Miguel Nazario_

Social Security Number: _-3052_    Birth Date: _5/02/47_

Spouse's Name: _Ana Briceño_    Birth Date: _5/21/46_

Social Security Number: _-6871_    Anniversary Date: _12/27_

Billing/Mailing Address: _Paseo San Juan - Garita D17_
_San Juan, P.R. 00926_

Telephone Number: _760-0544_  Fax Number: _761-3269_  E-mail: _anitanaza@yahoo.com_

Unmarried children under the age of twenty-two (22):

| Name | Birth Date | Male/Female | Charge Privileges |
|------|-----------|-------------|-------------------|
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |

| |
|---|
| Name of child designated to acquire Signature Membership upon death of member: _____ |

## BUSINESS INFORMATION

Company Name and Title: _Puerto Rican Cement - Chairman & CEO_

Business Address: _PO BOX 364487, San Juan 00936-4487_

Telephone Number: _775-6201_    Fax Number: _781-8850_

Spouse's Company Name and Title: _____

Business Address: _____

Telephone Number: _____  Fax Number: _____

## BANKING RELATIONS

1.  Name of Institution: _Banco Popular de P.R._

    Account Number: _0739_  Telephone Number: _281-5164_

    Officer to Contact: _Miguel Correa_

2.  Name of Institution: _____

    Account Number: _____  Telephone Number: _____

    Officer to Contact: _____

1

## CREDIT CARD REFERENCES

1.  Visa / <u>Mastercard</u>:  Account Number: _____ *-9662*

    Expiration Date: _*05/02*_____

2.  American Express:  Account Number: _____

    Expiration Date: _____

## MEMBERSHIPS IN OTHER CLUBS

1.  Name of Club: _____ Type: _____ Year Accepted: _____

    Address: _____

    Telephone Number: _____ Contact Person: _____ ❑ Present Member

2.  Name of Club: _____ Type: _____ Year Accepted: _____

    Address: _____

    Telephone Number: _____ Contact Person: _____ ❑ Present Member

## MEMBERSHIP CATEGORY AND PROGRAM

The undersigned hereby applies for the following category of Signature Membership in Palmas del Mar Country Club (the "Club"):

| Membership Category | Membership Deposit | Annual Dues |
| --- | --- | --- |
| ❑ Full Membership | $ _____ | $ _____ |
| ☒ Beach Club Membership | $ _*12,000.º*_ | $ _*1800ºº*_ |

I qualify for one of the following programs:

☒ Property Owner Resident   Palmas Property #: _*CDP ⑪-03*_
❑ Property Owner Non-Resident

I hereby agree to pay to the Club the refundable membership deposit due and the membership dues for the category of membership selected. The membership deposit is refundable only in accordance with the Membership Plan Documents. The amount of dues is subject to change in accordance with the Membership Plan Documents.

❑ Please find enclosed my check #: _____ $ _____ Date: _____
    Checks should be made payable to "Palmas del Mar Country Club"

☒ Credit card (circle one) ⓂⒸ – VISA – AMEX #: _____ *-9662*
    Expiration date: _*05/02*_   Payment Amount: $ *12,000.ºº*

2

## PAYMENT OF DUES, FEES AND CHARGES

I acknowledge that I must provide the Club with one credit or debit card to keep on file with the Club. I acknowledge in the event my account is delinquent, the Club may charge the balance against the credit card/bank account listed below, as set forth in the Club's General Club Rules. I certify that the below listed card or account number is issued to me and all disputes on my account will be directed to Palmas Country Club, Inc. I agree that I will submit written notification to Palmas Country Club, Inc. giving thirty (30) days notice of a change or termination in my credit card/bank account; in the case of termination, all charging privileges will immediately be terminated.

Credit Card Type: _Master Card_____

Credit Card Number: _____ – 9662___ Exp. Date: _05/02____

Cardholder Signature: _____

Bank Name: _Banco Popular de P.R._ Phone #: _____

Address: _____

ABA #: _____ Account #: ____ 0 739 _____

(Please attach a voided check if using auto debit to your account.)

Account Holder's Signature: _____

Basic Cardholder Name: _____

Additional Cardholder Names:                      Relationship:

_____          _____

_____          _____

_____          _____

I may elect to pay dues on an annual basis or monthly basis. In order for my dues to be billed monthly, I understand that I must authorize my dues to be billed to my credit card below.

(Elect One Option Below)

❑ *Annual Dues.* I agree to pay the full amount of annual dues within thirty (30) days of the date of my statement therefor.

☒ *Monthly Dues and Credit Card/Bank Account Authorization.* Dues shall be payable monthly. I authorize any and all membership dues to be charged to the credit card or bank account listed above.

I acknowledge that the Club may, in its discretion, establish a club account system or arrange through a bank or credit card company to issue to qualified members, a credit card through which Club dues, fees and charges for food, services and/or merchandise may be billed. The Club may establish rules and regulations governing club accounts or Club credit cards if such a system is established.

In the event any amounts owed by me to the Club are not paid on a timely basis, I understand that I may be charged a late charge or be subject to disciplinary action in accordance with the General Club Rules.

## ACKNOWLEDGMENT OF MEMBERSHIP RIGHTS

Rights Governed By Membership Plan Documents. My rights and privileges as a member in the Club shall be governed by, and I shall be bound by the terms and conditions of, the Membership Plan Documents, as they may be amended from time to time in accordance with their terms, and this Application.

Repayment of Membership Deposit. A member who resigns from the Club will be repaid the lesser of (i) the actual amount of the membership deposit paid by the member, without interest, or (ii) the amount of the membership deposit received by the Club for the member's resigned membership, within sixty (60) days after the membership has been reissued by the Club to a new member. If the Signature Member is repaid upon reissuance of the resigned membership less than the actual amount of the membership deposit paid by the member, the Club will repay to the member at the end of thirty (30) years from the date of the Signature Membership acquisition, the difference between the actual amount paid by the member and the amount repaid to the member upon reissuance of the resigned membership. The membership deposit paid by the member shall be refunded thirty (30) years from the date of acceptance for Signature Membership in the event my resigned membership has not been resigned and reissued prior to that time. A membership terminated by the Club for disciplinary cause shall be deemed resigned and the membership deposit shall be refunded upon reissuance of the membership. The obligation to repay the membership deposit shall be subject to set-off for all amounts which remain unpaid to the Club. I hereby acknowledge that my membership deposit will not bear any interest, that my right to receive the refund of my membership deposit is not transferable or negotiable except to secure purchase money financing, and that the refund of my membership deposit shall constitute a full and unconditional release of Palmas Country Club, Inc. and its directors, officers, partners, shareholders, agents and affiliates from any liability, claim, demand, action or cause of action arising under or related in any way to my membership in the Club. The membership deposit may be prepaid in whole or in part at any time without premium or penalty.

Acknowledgment of Membership Rights. Membership in the Club permits the member to use the Club Facilities in accordance with the Membership Plan Documents, as may be amended from time to time. Membership in the Club is not an investment in the Club or its facilities, and does not provide the member with an equity or ownership interest or any vested or prescriptive right or easement in or to use the Club or its facilities. Members will not be entitled to vote or participate in the management of the Club (except as otherwise provided in the Membership Plan Documents). The Club reserves the right, in its sole discretion, to add, modify or eliminate membership categories, to increase the membership cap, to establish the membership dues, fees and charges from time to time, to reserve memberships, to terminate or modify the Membership Plan Documents, to discontinue operation of any or all of the Club Facilities, to convert the Club into a member-owned club, to sell the Club Facilities on such terms as the Club determines in its discretion and to make any other changes in the terms and conditions of the membership or the Club Facilities available for use by members. A Signature Member will be entitled to a refund of the lesser of (i) the actual amount of the membership deposit paid by the member, without interest, or (ii) the amount of the membership deposit then charged by the Club for the member's category of membership in the event of termination by the Club of a membership as a result of any of such events. If the Signature Member is refunded as a result of such events less than the actual amount of the membership deposit paid by the member, the Club will repay to the member at the end of thirty (30) years from the date of the Signature Membership acquisition, the difference between the actual amount paid by the member and the amount refunded to the member.

4

Nothing in the Membership Plan Documents shall be construed to prohibit the Club and/or its affiliates from establishing separate clubs at the Resort and nothing in the Membership Plan Documents shall be construed as granting any member of the Club a preferential right to join any such new club or to use any of their facilities.

I hereby acknowledge that the use of the Club Facilities and any privilege or service incident to membership is undertaken with knowledge of the risk of possible injury. I hereby accept any and all risk of injury to myself, my guests and my family sustained while using the Club Facilities or involved in any event or activity incident to membership in the Club. In accepting the risk of injury, I understand that I hereby release and indemnify Palmas Country Club, Inc., and any of its shareholders, directors, officers, employees and affiliates from any and all loss, cost, claims, injury, damage or liability sustained or incurred by me, my guests, my tenants and my family resulting from or arising out of any conduct or event connected with membership in the Club and use of any of the Club Facilities.

<u>Receipt of Membership Plan Documents</u>. I have received and reviewed a copy of the Plan for the Offering of Signature Memberships, dated September 2000, with Exhibits (collectively the "Membership Plan Documents"). Membership is contingent upon approval by the Club, which approval shall be at its sole discretion. Upon signing this Application, I authorize the disclosure and release of information requested by the Club for investigating my qualifications for membership, including without limitation my credit history.

Applicant's Initials: *MN*     Date: 9/13/01
Spouse's Initials: *AB*     Date: 9/13/01

## ACKNOWLEDGMENT OF LEGACY MEMBERSHIP PRIVILEGES

I hereby acknowledge that my <u>adult children</u> over the age of twenty-two (22), and who have attached proof of their relationship to this Application, may apply for Legacy Privileges in the Palmas del Mar Country Club. As a Legacy Member, he or she will not be required to pay the membership deposit charged by the Club, however, he or she will be required to pay the membership dues, as may be established from time to time by the Club, according to the parent's category of membership or a lower category, if desired.

Legacy Privileges are not transferable. Legacy Privileges will entitle the adult child and his or her immediate family to unlimited use of the Club Facilities in accordance with the parent's category of membership, or a lower category of membership, if desired. Legacy Privileges shall expire upon the earlier of: (i) the resignation of the parent's membership, (ii) five (5) years from the date of application for Legacy Membership, (iii) the undersigned or the undersigned's spouse attaining the age of thirty (35), or (iv) the undersigned acquiring a residential unit at Palmas del Mar. Upon expiration, a Signature Membership must be acquired by the person having Legacy Privileges in order to continue having use privileges at the Club. The membership deposit for a person having Legacy Privileges to acquire a Signature Membership will be equal to the membership deposit in effect as of the date of this Application.

Applicant's Initials: *MN*     Date: 9/13/01
Spouse's Initials: *AB*     Date: 9/13/01

This Application for Signature Membership shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico without regard to principles of conflicts of laws.

If the applicant is married, both spouses must sign below.

Dated: _Sept 13_ , 200_1_     ✗ _Miguel A Nazario_
                                                      Signature of Applicant

Dated: _Sept 13_ , 200_1_     ✗ _Ana Briceño de Nazario_
                                                 Signature of Applicant's Spouse

This Application for Signature Membership shall not be binding upon the Club until the acceptance below is signed.

**APPROVED AND ACCEPTED:**

**PALMAS COUNTRY CLUB, INC. d/b/a**
**PALMAS DEL MAR COUNTRY CLUB**

By: _____      Date: _9/19_ , 200_1_

**Palmas del Mar Country Club**
**P.O. Box 2020**
**Humacao, Puerto Rico 00792**
**(787) 852-8888**

6

# Membership Plan



# COUNTRY CLUB
## PUERTO RICO

## Use of Membership Privileges by Tenants of a Signature Member's Residential Unit in Palmas del Mar

The Club shall allow tenants of a Signature Member's residential unit in Palmas del Mar use of the Club Facilities, subject to the terms and conditions established by the Club, in its sole discretion, from time to time, as discussed below. The tenant must submit an Application for Signature Membership and be approved by the Club, to obtain membership use privileges to use the Club Facilities.

Only tenants of a Signature Member's residential unit in Palmas del Mar, who lease the residential unit for more than ninety (90) days may obtain membership privileges in the Club by paying the required tenant designation fee and dues, in accordance with the lessor's category of membership. The period of time that a tenant and his or her spouse may have membership privileges shall not be more than one year, except as approved by the Club.

If the lessor member owns a residential unit and desires membership use privileges for such unit by a tenant, the lessor must obtain a Signature Membership for that residential unit.

## The Member May Use the Club Facilities During the Period the Tenant is the Designated User

During the period when a tenant is designated as the beneficial user of the membership privileges, the lessor member will continue to pay dues and will be permitted to use the Club Facilities with respect to that membership, subject to the rules established by the Club from time to time, except as set forth herein. In the event the tenant acquires membership privileges, the tenant's membership will not count towards any caps on the number of memberships. Members shall be jointly and severally (solidariamente) liable for all charges incurred by their tenants and for the conduct and actions of each tenant.

## MEMBERSHIP DEPOSIT FOR SIGNATURE MEMBERSHIP

### Membership Deposit Payment and Refund

Each person who desires to acquire a Signature Membership in the Club must pay a membership deposit to the Club, as determined by the Club from time to time. The Club will be obligated to refund the membership deposit, as provided below, upon the earlier of the following:

(a)     within sixty (60) days after the reissuance of the resigned Signature Member's membership in the Club; or

(b)     thirty (30) years from the date the member acquired their Signature Membership in the Club.

A Signature Member who does not resign before such thirty (30) year period shall be entitled to receive the actual amount of the membership deposit paid by the member, without interest, within thirty (30) days after the end of the thirty (30) year period. A Signature Member who resigns before 30 years from the date of the Signature Membership acquisition shall be entitled to be repaid upon reissuance of the resigned membership the lesser of (i) the actual amount of the membership deposit paid by the member, without interest, or (ii) the amount of the membership deposit received by the Club for the resigned membership, as further provided in the Application for Signature Membership. If upon reissuance of the resigned membership, the Signature Member is

**MIGUEL NAZARIO FRANCO**
Paseo San Juan – D17 Calle Garita
San Juan, P. R. 00926

13 de enero de 2007

Palmas del Mar Countru Club
c/o Nereida Saldaña
P. O. Box 2020
Humacao, P. R. 00792-2020

Ref.: Membresía # BC-2287-60

Estimada señora Saldaña:

Mediante esta comunicación le confirmo nuestros deseos de darnos de baja como miembros del Country Club de Palmas del Mar según conversación telefónica sostenida anteriormente.

Le solicito se nos devuelva a la mayor brevedad posible la cuota de membresía que depositamos cuando nos hicimos socios a la siguiente dirección:

Paseo San Juan
D17 Calle Garita
San Juan, P. R. 00926

Nuestro retiro obedece a que no estamos utilizando las facilidades de este Club.

Atentamente,

Miguel Nazario Franco                Ana Briceño de Nazario

**Miguel A. Nazario Franco**
Paseo San Juan – D17 Calle Garita
San Juan, P. R. 00926

16 de febrero de 2009

Palmas del Mar Country Club
Lic. Jaime Morgan Stubbe, Presidente
P. O. Box 2020
Humacao, P. R. 00792

Ref.: Membresía # BC-2287-60

Estimado Jaime:

El 13 de enero de 2007 mediante carta a Nereida Saldaña, de la cual incluyo copia, le informamos nuestra determinación de darnos de baja como miembros del Country Club de Palmas del Mar. La carta confirmaba nuestra conversación telefónica y también le solicitaba el reembolso de la cuota de membresía depositada al hacernos socios.

En la solicitud de membresía que llenamos originalmente, en la sección de "Acknowledgement of Membership Rights", se especifica que un miembro que renuncie al Club se le reembolsará la cuota de membresía sin interés dentro de 60 días después que la membresía se haya re-emitido por el Club a un socio nuevo. Se acompaña copia de la Solicitud de Membresía debidamente cumplimentada por mi esposa y por mí.

Habiendo transcurrido más de dos años después de nuestra solicitud de baja y reembolso de la cuota solicitada, no hemos recibido ninguna notificación a la misma, por lo que requerimos el reembolso inmediato de la cantidad de $12,000 correspondiente al depósito de membresía. Creemos que ha pasado suficiente tiempo para que el Country Club haya re-emitido la membresía que pusimos a su disposición.

Agradeceremos su intervención en este asunto para que se procese nuestra petición a la mayor brevedad posible.

Atentamente,

Miguel A. Nazario Franco

Ana Briceño de Nazario



COUNTRY CLUB
PUERTO RICO

13 de abril de 2009

Sr. Miguel A. Nazario Franco
Paseo San Juan – D17 Calle Carita
San Juan, PR 00926

RE:    Membresía # BC-2287-60

Estimado Miguel:

Hemos recibido tu carta con fecha de 16 de febrero de 2009 con relación al reembolso del depósito de la membresía mencionada.

Me informa nuestro Departamento de Finanza que actualmente estas en la posición #25 de la lista de espera de reembolso de depósitos de la categoría de membresía del Beach Club. La experiencia es que el tiempo promedio de espera es de 34 meses para recibir el reembolso del depósito. La cancelación fue efectiva en enero del 2007, al día de hoy han transcurrido 25 meses de espera. Esperamos que la situación de la economía de la Isla mejore de manera que nos permita aumentar el ritmo de ventas de membresías de las de tu categoría y por ende reembolsar el depósito lo más pronto posible.

En testimonio de mi mayor consideración y extendiéndote saludos personales quedo,

Cordialmente,

Jaime Morgan-Stubbe
Presidente